**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED OF OMAHA LIFE INSURANCE COMPANY**             **PLAINTIFF**

**V.**                        **CIVIL ACTION NO.:**   2:21-cv-00017-KS-MTP

**THERESA A. WALLACE, MICAH D. STORY
AND HARTMAN-JONES FUNERAL HOME, LLC**             **DEFENDANTS**

**COMPLAINT FOR INTERPLEADER**

**COMES NOW** Plaintiff, United of Omaha Life Insurance Company ("United"), by and through its counsel, and pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §1332, submits this, its Complaint for Interpleader, and would show unto the Court the following:

**I. THE PARTIES**

1. United is a foreign insurance corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska. During all times referred to in the Complaint for Interpleader, United was authorized to do business and was doing business in the State of Mississippi.

2. Defendant Theresa A. Wallace ("Ms. Wallace") is an adult resident citizen of Lawrence County, Mississippi, who may be served at her residence, 12 Roberts Road, Jayess, MS 39641, or as otherwise provided by Mississippi law.

3. Defendant Micah D. Story ("Ms. Story") is an adult resident citizen of Lamar County, Mississippi, who may be served at her residence, 65 West Cadbury Lane, Hattiesburg, MS 39402, or otherwise as provided by Mississippi law.

4. Defendant Hartman-Jones Funeral Home, LLC ("Hartman-Jones"), is a Mississippi limited liability company who may be served with process through its registered agent, Paul Breckenridge, 2002 Natchez Drive, McComb, MS 39648. For purpose of diversity jurisdiction under 28 U.S.C. § 1332, the members of Hartman-Jones are Paul Breckenridge, Jason Jones, and Joe Kyzar, each of whom are adult, resident citizens of the State of Mississippi.

## II. JURISDICTION AND VENUE

5. This is a civil action for interpleader governed by the Fed. R. Civ. 22 inasmuch as it involves persons with adverse claims for life insurance benefits under a policy of insurance issued by United, which is, or may be, exposed to multiple liability for death benefits on the life of Michael E. Wallace ("Mr. Wallace").

6. This Court has original jurisdiction under 28 U.S.C. § 1332 inasmuch as this civil action between citizens of different states, Plaintiff United (Nebraska resident) and the Defendants (Mississippi residents), and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because the insurance proceeds at issue are $250,000.

7. Venue is proper in the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C §1391, as it is the judicial district in which one or more of Defendants reside.

## III. FACTS AND CAUSE OF ACTION IN INTERPLEADER

8. This is an action involving adverse claims for benefits under a $250,000 term life insurance policy issued by United to Mr. Wallace.  On October 28, 2015, Mr. Wallace applied for a $250,000 term life insurance policy and named Theresa A. Wallace, who was his spouse at the time, as the primary beneficiary with 100% of the insurance proceeds. (See Exhibit 1, Life Insurance Application).  Subsequently, effective December 19, 2015, United issued to Mr.

Wallace a term life insurance policy in the amount of $250,000, Policy Number BU1698709 ("the Policy"). (See Exhibit 2, Policy).

9.    On March 28, 2020, Mr. Wallace executed a Change of Beneficiary Form, through which he changed the primary beneficiary of 100% of benefits under the Policy to Micah D. Story, his daughter, and removed Ms. Wallace as a beneficiary. (See Exhibit 3, Change of Beneficiary Form).

10.    On April 9, 2020, United sent correspondence to Mr. Wallace advising him that his beneficiary change had been processed and that Micah D. Story was now the primary beneficiary of 100% of benefits under the Policy. (See Exhibit 4, Correspondence).

11.    On or about November 21, 2020, Mr. Wallace passed away.

12.    On November 22, 2020, Ms. Story executed a Power of Attorney and Assignment through which she assigned benefits under the Policy in the amount of $9,131.00 to Hartman-Jones Funeral Home for funeral expenses. (See Exhibit 5, Power of Attorney).

13.    On December 14, 2020, United received a Life Insurance Claim Statement completed by Ms. Story and dated December 8, 2020, through which she requested a lump sum payment of benefits under the Policy. (See Exhibit 6, Claim).

14.    On December 28, 2020, United received an email, along with correspondence, sent on behalf of the attorney for Ms. Wallace. (See Exhibit 7, Correspondence). As alleged in the correspondence, Mr. Wallace contracted with Ms. Wallace to maintain her status as the beneficiary under the Policy through a Decree of Divorce entered on August 30, 2017 by the Chancery Court of Walthall County, State of Mississippi, Cause No. 2016-0231-KDH. Accordingly, Ms. Wallace contends that Mr. Wallace breached the terms of the Decree of

Divorce by changing the beneficiary of the Policy, and she contends that she is entitled to the full amount of benefits under the Policy.

15. Accordingly, United has received competing claims to the insurance proceeds under the Policy from Ms. Wallace and Ms. Story. Further, Hartman-Jones also has a claim to the insurance proceeds through the Power of Attorney and Assignment. Therefore, United is justifiably uncertain as to whether any payment of Policy benefits would subject it to multiple and vexatious litigation. United is unable to ascertain, without hazard to itself, who is entitled to benefits under the Policy and cannot pay benefits without assuming the responsibility of determining doubtful questions of law and fact.

16. United claims no beneficial interest in the Policy benefits, but is a mere stakeholder. United does not in any respect collude with any of the Defendants touching the matters in this action.

17. United is and has at all times been willing, ready, and able to pay the person or persons legally entitled to receive the policy benefits and will deposit with the Clerk of the Court the Policy benefits as soon as the Court approves of said deposit.

18. United has been called upon to retain the undersigned attorney for the purpose of protecting its interest in prosecuting this action. United requests that an award be made out of the funds herein deposited into this Court to pay for reasonable attorney's fees, costs and other expenses, which United is compelled to expend in the prosecution of this Complaint for Interpleader.

**WHEREFORE, PREMISES CONSIDERED**, United of Omaha Life Insurance Company prays as follows:

A. That process be issued to and served on Defendants and that they be required to interplead and assert their respective claims to the subject funds paid into the registry of the Court and settle among themselves their rights or claims thereto.

B. That the Policy benefits, which will be deposited with the Clerk of the Court, be accepted into the registry of the Court to be held in an interest bearing account for future disbursement to the Defendants in the amounts adjudged by this Court.

C. That the Court adjudicate that the interpled amount is the extent of United's liability to anyone with respect to the benefits of the Policy.

D. That this Court issue an order of injunction, pursuant to Rule 22 of the Mississippi Rules of Civil Procedure, enjoining and restraining the Defendants, their agents, attorneys, successors, personal representatives, heirs, devisees, legatee, and assigns from asserting, instituting or prosecuting any and all demands, claims, actions or causes of actions against United, its agents, officers, trustees, employees, representatives, attorneys, successors, and assigns with regard to, pertaining to or in manner relating to or arising out of the subject life insurance policy and the funds related herein, and that in due course said order of injunction be made permanent.

E. That an award be made to United out of the subject funds deposited into this Court to pay for reasonable attorneys' fees, costs and expenses which United is compelled to expend in the prosecution of this Complaint for Interpleader.

F. That United be finally dismissed from this action, with prejudice, and fully discharged from any further liability which in any manner may arise under the policies and the funds held in this account and that this Court shall adjudicate to whom the Clerk of this Court shall disburse the subject funds deposited into the registry of this Court.

G. United prays for such other and further relief as this Court deems equitable and just.

This, the 12th day of February, 2021.

Respectfully submitted,

**UNITED OF OMAHA LIFE INSURANCE COMPANY**

By: *s/Kevin A. Rogers*
    Kelly D. Simpkins (MSB # 9028)
    Kevin A. Rogers (MSB # 101230)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Kelly D. Simpkins
Kevin A. Rogers
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:   (601) 605-6900
Facsimile:   (601) 605-6901
ksimpkins@wellsmar.com
krogers@wellsmar.com

#277638